# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ROMULUS BAILEY,**

    **Plaintiff,**

**vs.**                                                  **Case No. 4:15cv630-WS/CAS**

**DR. K. SANTIAGO,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a third amended civil rights complaint against Dr. Santiago, ECF No. 28, on August 19, 2016. Service was carried out in late December 2016, and Dr. Santiago filed a motion to dismiss, ECF No. 45, on February 28, 2017. An Order was entered on March 2, 2017, directing Plaintiff to file a response to the motion to dismiss and advising that the motion may be granted by default if Plaintiff did not do so. ECF No. 46. On March 20, 2017, Plaintiff filed a motion to stay this case until he completed the end of his sentence in January 2019. ECF No. 47. That motion was denied. ECF No. 48. Plaintiff was provided an extension of time in which to respond and once again advised that "[f]ailure

to file a responsive memorandum may be sufficient cause to grant the motion." N.D. Fla. Loc. R. 7.1(C)(1) (quoted in ECF No. 48). Plaintiff was required to file a response on or before April 21, 2017. *Id.* As of this date, no response has been received from Plaintiff.

**Third Amendment Complaint, ECF No. 28**

Plaintiff alleged that he went to sick call at Madison Correctional Institution on March 5, 2015, and was seen by a nurse for his complaint about an injury to his rotator cuff. ECF No. 28 at 5. The nurse examined Plaintiff and then referred him to Dr. Santiago. *Id.* Plaintiff complains that Dr. Santiago never physically examined him but told him that if he was still experiencing pain, he should "sign up for sick call." *Id.* He alleges that when Dr. Santiago asked him what his level of pain was on a scale of 1-10, Plaintiff answered "11." *Id.* Plaintiff contends that even though he said he was in excruciating pain, he was "sent on [his] way." *Id.*

Plaintiff reports that he was able to obtain Ibuprofen from the dormitory officers, but eventually they told him that they could not continue to give him Ibuprofen and he would have to sign up for sick call. *Id.* Plaintiff notes there is a $5.00 fee. *Id.* at 5-6.

Plaintiff returned to sick call in May of 2015 but contends that "just like before[,] Dr. Santiago never once physically examined" him. ECF No. 28 at 6. However, Dr. Santiago did order x-rays which were taken in June. *Id.* When Plaintiff arrived for the x-rays, the technician said that there must have been a "mix-up because a rotator's cuff injury requires" diagnosis by an MRI, not an x-ray. *Id.* Nevertheless, the x-rays were taken and Plaintiff was called to medical shortly thereafter and advised that the x-ray results were negative. *Id.*

Plaintiff alleged that he continued to suffer in pain for another month and a half without any prescription pain medication, only receiving "Ibuprofen and non-aspirin" from dormitory officers. ECF No. 28 at 6. At some point, a referral was made for Plaintiff to go to the Regional Medical Center in Lake Butler, Florida for therapy. *Id.* Plaintiff alleges that after two and a half weeks of therapy, Plaintiff re-injured his arm during a therapy session on August 19, 2015, and "screamed out loud" in "excruciating pain." *Id.*

At some point after returning to Madison Correctional Institution, Plaintiff again saw Dr. Santiago who told him that there was "no problem at all." ECF No. 28 at 6. Plaintiff alleged that the reason Dr. Santiago never

Case No. 4:15cv630-WS/CAS

touched his arm was "because she doesn't believe in touching black men." *Id.*

Plaintiff contends that Dr. Santiago refused him medication and medical care in violation of the Eighth Amendment. *Id.* at 7. He also contends that Dr. Santiago's actions were racially discriminatory in violation of the Fourteenth Amendment. *Id.* at 8. As relief, Plaintiff seeks injunctive relief (to have the rotator problem "fixed"), compensatory and punitive damages. *Id.* at 7.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting

Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[1]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010).  "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 556).  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility."  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Pro

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 127 S.Ct. at 1966). The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949. A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation." 556 U.S. at 678, 129 S.Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S., at 555, 127 S.Ct. 1955).

Courts should take a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6). Iqbal, 556 U.S. at 679, 129 S.Ct. at

1950. The first consideration is whether the complaint presents "well-pleaded factual allegations" which are entitled to a presumption of truth or, whether, the complaint merely asserts "legal conclusions" which "are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. at 1950. If the complaint contains factual allegations that are well pled, the second step is to consider whether the non-conclusory factual allegations "plausibly give rise to an entitlement to relief." *Id.* If so, a motion to dismiss should be denied. *Id.*, at 680, 129 S.Ct. at 1950-51 (citations omitted).

**Motion to Dismiss, ECF No. 45**

Dr. Santiago is a physician who treats Florida Department of Corrections' prisoners at Madison Correctional Institution. ECF No. 45 at 2. Dr. Santiago contends that the complaint should be dismissed because Plaintiff has not alleged a serious medical need. ECF No. 45 at 7. It is argued that Plaintiff's claimed rotator cuff injury is "neither diagnosed nor obvious to a non-medical professional." *Id.* Additionally, Dr. Santiago asserts that Plaintiff's claim amounts to only his desire for an MRI instead of an x-ray and does not present a cruel and unusual punishment claim. *Id.* at 7-8. It is also argued that Plaintiff's claim is "no more than a difference of opinion between" Plaintiff and Dr. Santiago and that any delay

in treatment was of Plaintiff's own doing because he did not want to sign up for sick call. *Id.* at 8-9.

The Eighth Amendment[2] governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison. Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Although the Amendment does not require comfortable prisons, it prohibits inhumane ones. *Id.* The Eighth Amendment guarantees that prisoners will not be "deprive[d] ... of the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981) (quoted in Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)). "[B]asic human necessities include food, clothing, shelter, sanitation, medical care, and personal safety." Harris v. Thigpen, 941 F.2d 1495, 1511 (11th Cir. 1991) (cited in Collins v. Homestead Corr. Inst., 452 F.App'x 848, 850-851 (11th Cir. 2011)).

---

[2] "In the prison context, three distinct Eighth Amendment claims are available to plaintiff inmates alleging cruel and unusual punishment, each of which requires a different showing to establish a constitutional violation." Thomas v. Bryant, 614 F.3d 1288, 1303-04 (11th Cir. 2010). This case raises a claim for the deliberate indifference to medical needs, but does not challenge the conditions of confinement or use of force.

Deliberate indifference to the serious medical needs of sentenced prisoners violates the Eighth Amendment's prohibition of cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). A "'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994), abrogated on other grounds by Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (quoting Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D. N.H. 1977)). Alternatively, "a serious medical need is determined by whether a delay in treating the need worsens the condition" or "if left unattended, poses a substantial risk of serious harm." Mann v. Taser Intern., Inc., 588 F.3d 1291, 1307 (11th Cir. 2009) (citing Hill, 40 F.3d at 1188-89, and Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)).

The concept of deliberate indifference entails something more than negligence, but is satisfied by something less than actions undertaken with an intent to cause harm. Farmer v. Brennan, 114 S. Ct. 1970, 1978 (1994). Deliberate indifference requires a plaintiff to show that a named defendant

unnecessarily and wantonly inflicted pain or harm to a prisoner by depriving him of a basic human need. Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). A prisoner claiming the denial of medical care must show: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000), cert. denied, 531 U.S. 1077 (2001); Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). Put another way, once a prisoner shows that he has a serious medical need, "the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)).

Medical malpractice does not constitute deliberate indifference. Estelle, 429 U.S. at 106, 97 S. Ct. at 292. "Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)). For

example, in Estelle, the prisoner received treatment for his back injury (bed rest, muscle relaxants and pain relievers), but complained that more should have been done in the way of diagnosis, such as an X-ray or other tests. The Court rejected this as a basis for liability:

> But the question whether an X-ray--or additional diagnostic techniques or forms of treatment--is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.

429 U.S. at 107, 97 S. Ct. at 293.

Not responding to complaints of pain is an Eighth Amendment violation and qualified immunity is unavailable. McElligott v. Foley, 182 F.3d 1248 (11th Cir. 1999). In McElligott, the court held that "a jury could find that the medication provided to [the prisoner] was so cursory as to amount to no care at all." McElligott, 182 F.3rd at 1257. Where a defendant is aware that the pain medication provided is not treating the prisoner's pain, and does nothing more to treat that pain or respond to a deteriorating condition, a jury could find that defendant violated the Eighth Amendment. Thus, an "official acts with deliberate indifference when he or she knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." McElligott, 182 F.3d at

1255 (citing <u>Lancaster v. Monroe County, Ala.</u>, 116 F.3d 1419, 1425 (11th Cir. 1997)); <u>Mandel v. Doe</u>, 888 F.2d 783, 788 (11th Cir.1989). "A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference." <u>Harris v. Coweta Cnty.</u>, 21 F.3d 388, 393 (11th Cir. 1994) (cited in <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1176 (11th Cir. 2011)). Put another way, "medical care that is so cursory as to amount to no treatment at all" violates the Eighth Amendment. <u>Bingham</u>, 654 F.3d 1171, 1176 (11th Cir. 2011) (citing <u>Brown v. Johnson</u>, 387 F.3d 1344, 1351 (11th Cir. 2004)).

Here, it is accepted that a rotator cuff injury may be a serious medical need. *See* <u>Perry v. United States</u>, No. CIV.A.-CV207-065, 2008 WL 2421102, at *5 (S.D. Ga. June 13, 2008) (holding that prisoner's dissatisfaction with the care provided for his rotator cuff injury was "not enough to establish deliberate indifference"); <u>Small v. McDonough</u>, No. 5:07cv200-RS/MD, 2008 WL 2359899, at *7 (N.D. Fla. June 5, 2008) (dismissing Eighth Amendment claim involving rotator cuff tear because there were no allegations "suggesting that Nurse Sexton was subjectively aware of a serious medical need"). The argument that Plaintiff does not have a serious medical need because his injury was not diagnosed is

Case No. 4:15cv630-WS/CAS

rejected. Indeed, that is part of Plaintiff's claim - that Defendant did not properly examine him or direct appropriate testing to make a diagnosis. At this stage of the proceeding, Plaintiff's allegations are accepted as true that he had a rotator cuff injury that constitutes a serious medical need.

The argument that this case amounts to the "quintessential *Estelle* situation" because Plaintiff sought an MRI instead of an x-ray is a bit of a red herring. Construed liberally, Plaintiff's complaint does not ultimately seek a diagnosis, but treatment for his injury. The decision to order an x-ray instead of an MRI is not unconstitutional. Yet it would be unconstitutional for Dr. Santiago to know that Plaintiff was in "excruciating pain" and fail to treat that pain. That is Plaintiff's claim - that after he reported being in great pain, Dr. Santiago failed or refused to provide him with any pain medication. According to Plaintiff, Dr. Santiago never examined him or provided him with any treatment. Case law well establishes that "medical care that is so cursory as to amount to no treatment at all" violates the Eighth Amendment. Plaintiff's allegations are sufficient to withstand the motion to dismiss.

Dr. Santiago's other arguments as to a mere difference of opinion as to care or that delay in treatment was due to Plaintiff's inactions should be

denied at this point in the proceeding. Those issues are more appropriately decided at the summary judgment stage of litigation.

Finally, Dr. Santiago argues that Plaintiff's equal protection claim fails because Plaintiff did "not identify any similarly situated inmate that was treated differently, or even that other inmates were treated more favorably." ECF No. 45 at 11. It is noted that the only basis for this claim is Plaintiff's conclusory allegation that "the reason why she never touched [his] arm is because she [doesn't] believe in touching black men." ECF No. 28 at 6. Plaintiff does not allege that Dr. Santiago made that statement, nor does he provide a factual basis to state what Dr. Santiago believes. It is a conclusion that is not presented on factual allegations and, thus, it is not entitled to a presumption of truth.

Moreover, to present a sufficient claim of discriminated based on race, Plaintiff must provide facts which show that similarly situated persons were treated differently by Dr. Santiago. Hendking v. Smith, 781 F.2d 850 (11th Cir. 1986). A showing that Plaintiff was treated differently from similarly situated white inmates is essential to demonstrating an equal protection violation on the basis of race. See Fuller v. Georgia State Bd. of Pardons and Paroles, 851 F.2d 1307, 1310 (11th Cir. 1988). Here, no

such facts were presented. Accordingly, the motion to dismiss the equal protection claim should be granted.

## Recommendation

It is respectfully **RECOMMENDED** that Defendant Santiago's motion to dismiss, ECF No. 45, be **GRANTED in part** as to Plaintiff's equal protection claim, but otherwise **DENIED**. It is further **RECOMMENDED** that Defendant be directed to file an answer to Plaintiff's third amended complaint, ECF No. 28, within 10 days of the date an Order is entered on this Report and Recommendation, and the case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 3, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**