# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ROMULUS BAILEY,**

    **Plaintiff,**

**vs.**                                                                 **Case No. 4:15cv630-WS/CAS**

**DR. K. SANTIAGO,**

    **Defendant.**

_____/

## THIRD REPORT AND RECOMMENDATION

On June 23, 2017, a Second Report and Recommendation[1] was entered recommending dismissal of this case due to Plaintiff's failure to prosecute. ECF No. 58. Specifically, mail sent to Plaintiff from this Court was returned three times with a notation, "Inmate Refused." *Id.* (citing ECF Nos. 51, 55, and 57).[2] Without objection from Plaintiff, that Report and

---

[1] The first Report and Recommendation entered in this case was on May 3, 2017, ECF No. 50, which recommended that the Defendant's motion to dismiss, ECF No. 45, be granted in part and denied in part. On May 18, 2017, mail was returned to this Court which had been mailed to Plaintiff at Polk Correctional Institution. The returned mail was marked "inmate refused RTS." ECF No. 51. To ensure the mail was not returned in error, an Order directed it be re-mailed to Plaintiff. ECF No. 52.

[2] ECF No. 51 was the return of the Report and Recommendation, ECF No. 50. ECF No. 55 was the return of the remailed Report and Recommendation and Order, ECF No. 52. The third return, ECF No. 57, was of the Order adopting the Report and Recommendation, ECF No. 53.

Recommendation was adopted and this case dismissed on July 25, 2017. ECF Nos. 59-60.  Shortly thereafter, Plaintiff sent a letter to the Clerk of Court asserting that unnamed and unidentified "officials at Polk C.I., from late April 2017 forbade [him] from having access to the law library." ECF No. 61.  He said his prison job was stripped away, he suffered "all forms of harassments," and claimed that he "never refused any legal mails from" the Court.  *Id.*  Plaintiff said he "knew that this was going to happen," but Plaintiff did <u>not</u> request any action be taken.  *Id.*

Nothing further was received from Plaintiff, but some three months later, Plaintiff's letter was brought to the attention of the undersigned.  An Order was entered advising Plaintiff that "[a] request for action of any kind relating to a case can never be made by a letter to a judge." ECF No. 62 (quoting N.D. Fla. Loc. R. 7.1(A)).  The Order also advised Plaintiff that no assistance would be provided based on his letter, but stating if he believed he was "entitled to relief from the judgment entered, Plaintiff should file a motion, properly titled as such, pursuant to Rule 60."  *Id.*

On November 30, 2017, Plaintiff then filed a "motion to vacate and set aside order" pursuant to Rule 60(b)(1),(5).  ECF No. 63. Plaintiff claimed that the Order dismissing this case should be vacated because he

"never refused any legal mail from any court at any given time." *Id.* He said that he was in confinement during May, June, and July of 2017, and "never received any legal mail" while in confinement. *Id.*

An Order was entered on December 4, 2017, noting that Plaintiff's motion was conclusory, unaccompanied by any documentary evidence supporting his assertions, and not sworn under penalty of perjury. ECF No. 64. Plaintiff was provided an opportunity to submit evidence in support of his Rule 60 motion, and directed to substantiate his assertions by January 12, 2018. *Id.* Specifically, the Order directed Plaintiff to do three things: (1) submit documentary evidence and an affidavit stating that he never received or refused any legal mail during May and June 2017; (2) submit a response "explaining whether or not he received the Second Report and Recommendation, ECF No. 58;" and (3) submit a copy of the mail log for his institution. *Id.*

On January 4, 2018, Plaintiff submitted a brief, one page, unsworn response. ECF No. 65. That document was in the form of a letter to the Clerk of Court. *Id.* Because it was non-compliant, another Order was entered on January 9, 2018, reminding Plaintiff once again that N.D. Fla. Loc. R. 7.1(A) forbids requesting "action of any kind" pertaining to a case.

Case No. 4:15cv630-WS/CAS

ECF No. 66.  As a courtesy, Plaintiff was provided one final opportunity to comply with the December 4th Order, ECF No. 64.  *Id.*

Two additional documents have now been received from Plaintiff.  The first is another letter to the Clerk's Office.  ECF No. 67.  As Plaintiff well knows, that is not sufficient and will not be considered further.

On February 14, 2018, Plaintiff filed a motion for reconsideration.  ECF No. 68.  Plaintiff states that he was transferred from Polk C.I. on January 3, 2018, to R.M.C. in Lake Butler, eventually arriving at Madison C.I. on January 24, 2018.  ECF No. 68 at 1.  He indicates he did not receive "legal mail pick up" until February 8, 2018.  *Id.*  He states that he will send "proof that [he] signed for late legal in which [he] never received until now."  *Id.*

On February 28, 2018, Defendant filed a response to Plaintiff's motion.  ECF No. 69.  The response reiterates that throughout this litigation, Plaintiff has not followed instructions or complied with Court orders.  *Id.*  Defendant correctly points out that Plaintiff has been provided guidance on numerous occasions which he has essentially ignored.  *Id.* at 3-4.  "More than seven months have passed since judgment was entered,

and nearly four months since the Court originally told [Plaintiff] how to proceed." *Id.* at 3.  Enough is enough.

Plaintiff has been provided more than sufficient opportunity to demonstrate that he should be permitted to proceed.  He has not done so.  Plaintiff has not provided any documentary evidence to demonstrate that he did not refuse legal mail from this Court.  Plaintiff has refused to provide an affidavit, sworn under penalty of perjury, declaring that he never refused legal mail.  Regardless of where Plaintiff has been housed, he could have written an affidavit to explain the underlying factual events.  He has not done so, despite numerous orders directing him to comply.

Moreover, in light of the current issue, it is inconceivable that Plaintiff has not even filed a "notice of address" change to ensure that he would properly receive mail from this Court.  Plaintiff indicated in his February 1, 2018, letter to the clerk that he has been transferred, *see* ECF No. 67, yet he did not file a notice of change of address.  Every Order entered in this case (and there have been a multitude of orders) instructed Plaintiff to "immediately file a notice to the Clerk's Office in the event his address changes," yet he did not comply.  He has expected the Clerk's Office to

review his "letters" to confirm his address rather than properly filing a clearly titled "Notice of Change of Address."

From early in this case, Plaintiff demonstrated a lack of desire to proceed with this litigation, *see* ECF No. 12, and filed a notice of voluntary dismissal. After entry of an Order closing this case, ECF No. 13, Plaintiff sought to reverse his decision and continue this case only after realizing he would still be required to pay the filing fee. ECF No. 14. This case was reopened for Plaintiff only because it was not apparent that Plaintiff had ever received the warning provided in the Prisoner Consent Form. ECF No. 15. Plaintiff has been given every opportunity to proceed with this litigation, but he has not complied with court orders. Enough is enough. Further extensions of time are not warranted and it is time to end this litigation. It is recommended that Plaintiff's Rule 60 motion, ECF No. 63, be denied. It is further recommended that the motion for reconsideration, ECF No. 68, be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to set aside the judgment, ECF No. 63, be **DENIED**, and Plaintiff's motion for reconsideration, ECF No. 68, be **DENIED**.  This case should remain **DISMISSED** for failure to prosecute.

**IN CHAMBERS** at Tallahassee, Florida, on March 6, 2018.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**